MISSOURI VALLEY TRUST COMPANY, APPELLEE, v. JOHN E. NELSON, APPELLANT.

FILED APRIL 30, 1920.    No. 20870.

1. **Trusts: DUTY OF TRUSTEE.** The interest of one who acts in a fiduciary capacity should not be in conflict with the interest of the person whom he represents.

2. **Mortgages: FORECLOSURE SALE: PURCHASE BY TRUSTEE FOR CREDITORS.** Under the facts stated in the opinion, *held*, that the purchaser at foreclosure sale did not hold such a fiduciary relation, with respect to appellant and the property sold, as to render it disqualified to purchase.

APPEAL from the district court for Phelps county: WILLIAM C. DORSEY, JUDGE. *Affirmed.*

*Frank A. Anderson* and *Beeler, Crosby & Baskins,* for appellant.

*James I. Rhea, Robert A. Brown* and *Richard L. Douglas, contra.*

CORNISH, J.

On June 30, 1914, John E. Nelson, defendant and appellant, owned real estate, the subject of this foreclosure action, mortgaged to assignor of plaintiff, also to S. F. Hutcheson, and a third lien to defendant Tootle-Campbell Dry Goods Company. He was also president of the Nelson (Merchandise) Company, which company was bankrupt and desirous of effecting a composition with its creditors. On said date, with this purpose in

view, a contract was entered into between defendant John E. Nelson, on the one hand, and the Tootle-Campbell Dry Goods Company and the First National Bank of Holdrege, on the other, in which it was agreed that Nelson would procure an assignment of the assets of the Nelson Company to the dry goods company and the bank, as trustees, to be disposed of and the proceeds applied in payment of advancements made and the indebtedness owing by Nelson or Nelson Company to the dry goods company or the bank.

Afterwards plaintiff brought this action to foreclose its lien in the sum of $9,008. The defendant dry goods company, in its answer and cross-petition, asked foreclosure of its lien, alleging a balance due on the note secured, dated February 28, 1914, in the sum of $23,990.26. In its decree the court found the amount due on each of the liens, and ordered sale of the lands for their satisfaction. The defendant Nelson, who had answered, requested a stay of execution, at the termination of which the land was sold and purchased at the foreclosure sale by the dry goods company, the highest bidder. Objection was made to the confirmation of the sale, on the ground that the property had not sold for its full value; that bidders had been discouraged from bidding by the agent of the dry goods company; and that the dry goods company was not competent to bid at the sale, because it sustained the relation of trustee to the defendant John E. Nelson. These objections to confirmation being overruled, defendant Nelson appeals to this court.

The main contention made in the brief of appellant is that the dry goods company, being a trustee for the defendant John E. Nelson, could not be a purchaser at the sale. He invokes a rule of law stated in *Stettnische v. Lamb*, 18 Neb. 619, as follows: "A party will not be permitted to purchase property and hold it for his own benefit, when he has a duty to perform in relation thereto which is inconsistent with his character as a pur-

chaser on his own account. *Columbus Co. v. Hurford,*
1 Neb. 146.'' The rule is more fully stated in *Anderson
v. Butler.* 31 S. Car. 183, 194 (5 L. R. A. 166), as fol-
lows: ''It is a well-established principle that a trustee
cannot buy at his own sale. He cannot be vendor and
vendee at the same time of trust property; that is, he
cannot make a binding contract with himself in the pur-
chase of the trust property under his control. On the
contrary, all such purchases are subject to be vacated
and set aside by the *cestui que trust* at his option, and
this, too, without regard to the fact, whether said pur-
chase was made in good faith, at full price, or was
fraudulent and delusive. This doctrine has been long
settled, both in England and in this country, and it is
a wise and wholesome principle. It strikes at once at
the root of danger, and destroys it. It removes from
the trustee the temptation to do wrong, and guarantees
the faithful execution of his trust in the sale of the
property of his *cestui que trust.*''

The inquiry is whether the dry goods company, in
purchasing at the foreclosure sale, comes within the
rule stated. We think not. The rule is one of good
faith, growing out of the relations which exist between
a trustee and his *cestui que trust.* The interest of one,
acting in a fiduciary capacity, should not be in conflict
with the interest of the person whom he represents. In
the instant case, the real estate mortgaged never be-
came trust property, although the assets of the Nelson
Company did. The contract treats it as property mort-
gaged by Nelson to secure a debt, title remaining in
Nelson, without possession or power of disposal of it
lodged in the trustee. The contract did not change their
relation to it. It would be unreasonable to suppose that
the contract contemplated that the dry goods company
could not foreclose its lien, or that, if, as the fact was,
a prior mortgage was foreclosed, the dry goods com-
pany could not, as holder of a third lien, set up its lien
and to avoid sacrifice, be a bidder at the foreclosure sale.

The sale made was not the dry goods company's sale, but a judicial sale, which it could not prevent. It is not inconsistent with the contract relation to say that in bidding at the sale the dry goods company was acting in its own right to protect its own interests, and not in a representative capacity at all.

If, in the foreclosure action, the dry goods company alleged the balance due upon the indebtedness incorrectly, or if an accounting was needed for the purpose of determining the amount of the balance, it would seem as if it was incumbent upon Nelson to show, in his answer, the facts, and see that proper credits were made upon the indebtedness incurred.

We see nothing in the contract that would preclude the dry goods company from proceeding against other property, not included in the trust, for the collection of the debt.

One clothing another with trusteeship in property, in which the trustee is known to have a private interest, will, ordinarily, anticipate that the trustee will do those things reasonably necessary to protect his own interests. The courts have held that even trustees, where they have individual rights to protect, may become purchasers at a judicial sale of trust property. In such cases, the trustee would occupy a delicate position, because of the general rule that no person should be permitted to be a purchaser, even at a judicial sale, where he has a duty to perform which is inconsistent with the character of purchaser. Somewhat, no doubt, would depend upon the application of the rule to the facts of each particular case.

In the instant case it cannot be said that the trustee was purchaser at his own sale. This sale was ordered by the court at the instance of the plaintiff, and the dry goods company was powerless to prevent it. If mortgagor Nelson is unable to pay the mortgages upon his land, he must reckon upon judicial sales of the land to the highest bidder.

The appellant in his brief cites *Hamilton v. Dooly,* 15 Utah, 280, 305, which he relies upon as holding to the contrary. To distinguish that case, we call attention to the fact that in its opinion the court said of the trustee: "As mortgagee his rights were in no way impaired by the sale. His situation was just the same after as before"—and to the further fact that there the trustee was also executor of the estate, although the action against him as executor was dismissed.

An examination of the proof convinces us that the decision of the trial court should not be reversed because of the other objections to the confirmation, stated above.

AFFIRMED.

FLANSBURG, J., not sitting.